UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTANETTE WILEY ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| DIVERSIFIED COLLECTION ) | JURY TRIAL DEMANDED |
| SERVICES, INC. ) | |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Montanette Wiley, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Montanette Wiley (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that Defendant transacts business here and maintains a registered office in this district.

## III. PARTIES

4. Plaintiff, Montanette Wiley, is an adult natural person residing at 3165 Regal Lane #5, Cincinnati, OH 45251. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Diversified Collection Services, Inc., at all times relevant hereto, is and was a business entity engaged in the business of collecting debt in the State of Indiana and the Commonwealth of Pennsylvania, with a primary office located at 333 North Canyon Parkway, Suite 100, Livermore, CA and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In November 2009, Plaintiff began to receive phone calls from Defendant regarding an alleged debt owed to Great Lakes.

8. Agents of Defendant threatened that if Plaintiff did not enter into a payment program immediately, her wages and tax return would be garnished.

9. As the result of Defendant's coercion, Plaintiff reluctantly entered into a payment program.

10. Defendant mailed Plaintiff a written outline of their forthcoming agreement in a letter dated November 24, 2009.

11. Contrary to Plaintiff's scheduled payment arrangement, Defendant prematurely sold the account to another company before the September 20, 2010 and October 20, 2010 payments were made.

12. Plaintiff made several calls to Defendant to learn why her arrangement was not being honored.

13. Plaintiff was told by several agents of Defendant that her payments were only being applied to interest accrued on the account, although Plaintiff was never advised of this fact.

14. As a result of Defendant's deception, Plaintiff's principal balance remains virtually unchanged despite Plaintiff's impression that the sole purpose of the payment program was to satisfy the balance.

15. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692e(4): Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment

§ 1692e(5): Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Diversified Collection Services, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

V.   **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  September 30, 2010       BY:   */s/ Brent F. Vullings*
                                Brent F. Vullings, Esquire

                                Warren & Vullings, LLP
                                1603 Rhawn Street
                                Philadelphia, PA  19111
                                215-745-9800   Fax 215-745-7880
                                Attorney for Plaintiff